Gretchen M. Nelson (State Bar No.112566)
Carlos F. Llinás Negret (State Bar No. 284746)
**NELSON & FRAENKEL LLP**
601 South Figueroa St., Suite 3600
Los Angeles, CA 90017
Tel.: 213-943-6089
Fax: 213-622-6019
Email: gnelson@nflawfirm.com
Email: cllinas@nflawfirm.com

*Attorneys for Plaintiffs Cheng Leng Tan, Estate of Wei Tan, Chik Ping Yap, Sejay Tan, Yadira Alvarez, Estate of Berenice Felipe, Nina Huttegger, Julia Ahopelto, C.A. (a minor), Jean Anne Allen, Estate of Carol Diana Adamic, Estate of Steven John Salika, Estate of Tia Nicole Adamic Salika, Shirley Salika, James Adamic*
*See Signature Page for List of Additional Attorneys*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| NANCY FIEDLER, et al.,<br><br>Plaintiffs<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br><br>Defendant. | CASE NO.: 2:21-CV-7065 PA (MRWx)<br>Honorable Percy Anderson<br><br>**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA's PROPOSAL RE: DISCOVERY RELATING TO DEFENDANT'S CLAIM THAT PLAINTIFFS' CLAIMS ARE BARRED BY THE DISCRETIONARY FUNCTION EXCEPTION** |

In accordance with Court's Order dated October 14, 2022 (Dkt. 70), Plaintiffs respectfully submit the following response to the Proposal of the Defendant, United States of America, Re: Discovery (Dkt. 71), relating to the issue of Defendant's claim that Plaintiffs' Complaint is barred by the Discretionary Function Exception (the "DFE").

## OVERVIEW

Plaintiffs have complied with the Court's directions and have reviewed *Lam v. United States*, 979 F.3d 665, 672 (9th Cir. 2020). See ECF No. 70. As noted by the U.S. Supreme Court, the DFE "marks the boundary between Congress' willingness to impose tort liability upon the United States and its desire to protect certain governmental activities from exposure to suit by private individuals." *United States v. Varig Airlines*, 467 U.S. 797, 808 (1984). As such, the DFE is intended to "prevent judicial 'second-guessing' of legislative and administrative decisions grounded in social, economic, and political policy through the medium of an action in tort." *Lam,* 979 F.3d at 673 (citing *Varig Airlines*, 467 U.S. at 814). "[B]ecause the discretionary or non-discretionary nature of the acts are the focus of the DFE, 'it is the nature of the conduct, rather than the status of the actor, that governs whether the discretionary function exception applies in a given case.'" *Id*. (quoting *Varig Airlines*, 467 U.S. at 813). The *Lam* court thus held that "if the policies allow an employee to make independent policy judgments, then the DFE defeats plaintiff's claim." *Id*. (citing *Berkovitz v. United States*, 486 U.S. 531, 536, 546 (1988).

But as the *Lam* decision likewise confirms, "if the 'policy leaves no room for an official to exercise policy judgment in performing a given act, or if the act simply does not involve the exercise of such judgment, the discretionary function exemption does not bar a claim that the act was negligent or wrongful.'" *Id*. (quoting *Berkowitz,* 486 U.S. at 546-547) (emphasis added). As the Supreme Court admonished in *Berkowitz*: "The discretionary function exception applies only to conduct that

1

involves the permissible exercise of policy judgment." *Berkovitz*, 486 U.S. at 539, 108 S. Ct. at 1960. That exception thus has at least two clear-cut carveouts that are pertinent here.

First, where, as in the present case, "a suit charges an agency with failing to act in accord with a specific mandatory directive, the discretionary function exception does not apply." *Berkovitz*, 486 U.S. at 544. Thus in deciding whether the DFE applies in any case, the court must consider whether the challenged actions were truly discretionary -- or whether they were instead controlled not just by mandatory statutes, regulations, or publicized policy statements but by internal manuals, management plans, directives, protocols, check lists, or specifications that the Government imposed on itself. See *United States v. Gaubert*, 499 U.S. 315, 328 (1991). "The requirement of judgment or choice is not satisfied if a 'federal statute, regulation, or policy specifically prescribes a course of action for an employee to follow,' because 'the employee has no rightful option but to adhere to the directive.'" *Id*. at 322 (quoting *Berkovitz*, 486 U.S., at 536); see also *Tracor/MBA, Inc. v. United States*, 933 F.2d 663, 666 (8th Cir. 1991). That is exactly what Plaintiffs allege happened in this case. (Dkt. 44, ¶132 (a) and (b).)

Second, even when the Government's conduct involves some element of choice, the DFE applies only if it was the type of decision that Congress wanted to protect. Not all decisions fall into that category. To take a pertinent example, although the decision to adopt a particular safety policy is a discretionary function, the day-to-day implementation of that policy is not, and a "failure to effectuate policy choices already made will not be protected under the discretionary function exception." *Maryls Bear Medicine v. United States,* 241 F.3d 1208, 1215 (9th Cir. 2000); see also *Terbush v. United States*, 516 F.3d 1125, 1130-1132 (9th Cir. 2008); *Seyler v. United States*, 832 F.2d 120, 123 (9th Cir. 1987); *Garcia v. United States*,

2

602 Fed. Appx. 656, 657 (9th Cir. 2015). Plaintiffs' Complaint invokes that carveout also. (Dkt. 44, ¶ 132 (c).)

## PLAINTIFFS' NECESSARY DISCOVERY

To properly and fully prepare for the Defendant's summary assertion of the DFE, Plaintiffs will thus need the opportunity to research and compile the statutes and regulations governing the United States Coast Guard's inspection and certification of small passenger vessels like *Conception* and to pour through all the Marine Information for Safety and Law Enforcment ("MISLE") files related to *Conception* and her sisters *Vision* and *Truth*. They will also require the following discovery in the form of document production and depositions:

(1) All manuals, policy statements, protocols, management plans, directives, check lists, or specifications that the U.S. Coast Guard Commandant, District Command, and Local Sector Command have imposed on the personnel who performed such inspections and certifications;

(2) Discovery as to the avowed purposes of those policy statements, protocols, management plans, directives, check lists, or specifications;

(3) The identities and depositions of the U.S. Coast Guard personnel who drafted, enforced, and implemented those policy statements, protocols, management plans, directives, or specifications; and

(4) The identities and depositions of the U. S. Coast Guard personnel who inspected and certified Conception and her sisters and/or interfaced with the owners of those vessels.

Plaintiffs acknowledge the Government's avowed readiness to "produce the relevant policies and procedures[,]" "make available, within reason, those individuals who were responsible for drafting those policies and procedures as well as those individuals who actually carried out those policies and procedures[,]" and "produce

all documentation available related to the Coast Guard's T-Boat inspections of the CONCEPATION [sic] covering a reasonable time frame." (Dkt. 71, p. 1.)

    Plaintiffs' counsel know and respect opposing counsel, have worked with them before, and are hopeful that any logistical issues regarding the required discovery can be resolved informally. However, if Plaintiffs are to oppose Defendant's motion on grounds other than Fed.R.Civ.P. 56(d), Plaintiffs are equally certain that their discovery will need to reach all the way back to Conception's original inspection and certification to the time immediately prior to the tragic accident that led to this lawsuit and may also include discovery as to the inspections conducted by governmental agencies and reports issued by such agencies following the fire .

    For all of the foregoing reasons, Plaintiffs respectfully submit that they be permitted a period of seven (7) months to conduct the necessary discovery to oppose Defendant's anticipated motion.

Dated: November 11, 2022    Respectfully submitted,

NELSON & FRAENKEL, LLP

WALKUP, MELODIA, KELLY & SCHOENBERGER

PANISH SHEA BOYLE & RAVIPUDI LLP

SALTZ MONGELUZZI & BENDESKY P.C.

MCGUINN, HILLSMAN & PALESFSKY

FIORE ACHERMAN, A Law Corp.

SCHUERING ZIMMERMAN & DOYLE, LLP

KREINDLER & KREINDLER LLP

LAW OFFICE OF W. RUSSELL FIELDS

GALINE FRYE FITTING AND FRANGOS

ARNOLD AND ITKIN LLP

4

Case 2:21-cv-07065 PA (MRWx)
**PLAINTIFFS' RESPONSE TO DEFENDANT UNITED STATES OF AMERICA's PROPOSAL RE DISCOVERY RELATING TO ISSUE OF DEFENDANT'S CLAIM THAT PLAINTIFFS' CLAIMS ARE BARRED BY THE DISCRETIONARY FUNCTION EXCEPTION**

TODD M. ABBOTT

By: /s/Gretchen M. Nelson

By: s/Matthew D. Davis

By: s/Robert S. Glassman

By: s/E. Douglas Disandro, Jr.

By: s// John R. Hillsman

By:s/Jeniffer Fiore

By: s/Theodore Poppinga

By: s/Kevin Mahoney

By:s/A. Edward Fields

By: /s/Ilya Demetrios Frangos

By. /s/Cory Itkin

By: /s/ Todd M. Abbott

*ATTORNEYS FOR PLAINTIFFS*

5

**Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)**

Pursuant to Local Rule 5-4.3.4(a)(2)(i), the filer attests that all other signatories listed and on whose behalf the filing is submitted, concur in the content of the filing and have authorized the filing.

Dated: November 11, 2022

By  /s/ Gretchen M. Nelson
Gretchen M. Nelson
Attorneys for Plaintiffs *Cheng Leng Tan, Estate of Wei Tan, Chik Ping Yap, Sejay Tan, Yadira Alvarez, Estate of Berenice Felipe, Nina Huttegger, Julia Ahopelto, C.A. (a minor), Jean Anne Allen, Estate of Carol Diana Adamic, Estate of Steven John Salika, Estate of Tia Nicole Adamic Salika, Shirley Salika, James Adamic*