TRACY WILKISON
United States Attorney
JOANNE OSINOFF
Assistant United States Attorney
Chief, Civil Division

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN, Cal. SBN 171064
eric.kaufman-cohen@usdoj.gov
Attorney in Charge, West Coast Office
FRANK J. ANDERS, Cal. SBN 227208
Franklin.j.anders@usdoj.gov
SCOTT PERRYGO, Cal. SBN 341834
Scott.perrygo@usdoj.gov
KYLE FRALICK, Maryland SBN 081230008
Kyle.fralick@usdoj.gov
Trial Attorneys
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division, U.S. Department of Justice
P.O. Box 36028
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648
         (415) 436-6644/(415) 436-6645/(415) 436-6647
Facsimile: (415) 436-6632

Attorneys for United States of America

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY FIEDLER, Personal Representative of the Estate of LISA FIEDLER (Deceased); MATTHEW GUINEY, Personal Representative of the Estate of MARYBETH GUINEY (Deceased); OLGA FAYNSHTEYN, Personal Representative of the Estate of YULIYA KRASHENNAYA (Deceased); KATIE OSBORNE, Personal Representative of the Estate of | Case No.: 2:21-cv-07065-PA-MRW<br><br>In Admiralty<br><br>**STIPULATED PROTECTIVE ORDER** |

| | |
|---|---|
| 1 | DANIEL GARCIA (Deceased); ) |
| | CHRISTINA QUITASOL, Personal ) |
| 2 | Representative of the Estate of ) |
| | MICHAEL QUITASOL (Deceased); ) |
| 3 | SARMA WILLIAMS, Personal ) |
| | Representative of the Estate of VAIDEHI ) |
| 4 | DEVI CAMPBELL WILLIAMS ) |
| | (Deceased); CHRISTINE ) |
| 5 | ALEXANDRA DIGNAM, Personal ) |
| | Representative of the Estate of JUSTIN ) |
| 6 | DIGNAM (Deceased); JASMINE ) |
| | LORD, Personal Representative of the ) |
| 7 | Estate of CHARLES McILVAIN ) |
| | (Deceased); VICTORIA E. MOORE, ) |
| 8 | Personal Representative of the Estates of ) |
| | RAYMOND SCOTT CHAN (Deceased) ) |
| 9 | and KENDRA CHAN (Deceased); ) |
| | YUKA OHASHI MERRITT, Personal ) |
| 10 | Representative of the Estate of YUKO ) |
| | HATANO (Deceased); VIKRAM ) |
| 11 | SINGH, Personal Representative of the ) |
| | Estate of SUNIL SINGH SANDHU ) |
| 12 | (Deceased); NINA HUTTEGGER, ) |
| | Personal Representative of the Estate of ) |
| 13 | JUHA-PEKKA AHOPELTO ) |
| | (Deceased); YADIRA ALVAREZ, ) |
| 14 | Personal Representative of the Estate of ) |
| | BERENICE FELIPE (Deceased); SEJAY ) |
| 15 | TAN, Personal Representative of the ) |
| | Estate of WEI TAN (Deceased); ERIC ) |
| 16 | BALTZ, Personal Representative of the ) |
| | Estate of NEAL BALTZ (Deceased); ) |
| 17 | ANTHONY BEITZINGER, Personal ) |
| | Representative of the Estate of ) |
| 18 | PATRICIA BEITZINGER (Deceased); ) |
| | SHRUTI DEOPUJARI, Personal ) |
| 19 | Representative of the Estate of ) |
| | SANJEERI DEOPUJARI (Deceased); ) |
| 20 | ATLEE FRITZ, Personal ) |
| | Representative of the Estate of ) |
| 21 | ANDREW FRITZ (Deceased); SEEMA ) |
| | SHARMA, Personal ) |
| 22 | Representative of the Estate of ) |
| | KAUSTUBH NIRMAL (Deceased); ) |
| 23 | MARGARET STROM, Personal ) |
| | representative of the Estate of TED ) |
| 24 | STROM (Deceased); RICHARD X. LIU, ) |
| | Personal Representative of the Estate of ) |
| 25 | XIANG LIN; SUSANA SOLANO ) |
| | ROSAS, Personal Representative of the ) |
| 26 | Estates of EVANMICHEL SOLANO ) |
| | QUITASOL (Deceased), ANGELA ) |
| 27 | ROSE SOLANO QUITASOL ) |

STIPULATED PROTECTIVE ORDER                    Case No.: 2:21-cv-07065-PA-MRW

(Deceased), and NICOLE SOLANO QUITASOL (Deceased); ARIEL TAKVAM, Personal Representative of the Estate of KRISTIAN TAKVAM (Deceased); DOMINIC MICAEL SELGA, Personal Representative of the Estate of FERNISA JUNE SISON (Deceased); ROBERT KURTZ and CHERIE MCDONOUGH, Personal Representatives of the Estate of ALEXANDRA HALEY KURTZ; JEAN ANNE ALLEN as Executor of the Estate of STEVEN JOHN SALIKA, Executor of the Estate OF CAROL DIANA ADAMIC and Administrator of the Estate of TIA NICOLE ADAMIC SALIKA; JAMES ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); ANGELIKA ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); MARK ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); SHIRLEY SALIKA, individually, and as beneficiary of the Estate of STEVEN JOHN SALIKA (Deceased) and TIA NICOLE SALIKA (Deceased); DANIEL POH-HOCK CHUA, Personal Representative of the Estate of KRISTINA OLINE FINSTAD (Deceased), and RYAN SIMS, individually,

        Plaintiffs,

  vs.

UNITED STATES OF AMERICA,

        Defendant.

## 1. INTRODUCTION

### 1.1 PURPOSES AND LIMITATIONS

The United States' produced internal Coast Guard documents establishing policies and procedures for making and documenting major conversion determinations under 46 U.S.C. § 2102, hereinafter "MCON Documents." Said MCON Documents are not for public dissemination and are designated for "internal Government use only." The production of MCON Documents was in conjunction with Plaintiffs' Fed. R. Civ. P. 30(b)(6) notice of the depositions of the Coast Guard's Persons Most Qualified to testify regarding the Coast Guard's policies and procedures in making major conversion determinations. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.

The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles. The parties further acknowledge, as set forth, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### 1.2 GOOD CAUSE STATEMENT

This case arises from a devastating fire that completely destroyed the dive boat *CONCEPTION,* which tragically caused the death of 34 individuals. The *CONCEPTION* was designated a "T-boat", a small passenger vessel, under 46 C.F.R. § 175.05. T-Boats fall within two categories "Old-T" and "New-T" depending on when a boat was built. The inspection regimes for Old-T boats and New-T boats differ, such that what may be acceptable under a boat inspected

pursuant to the Old-T regulations may not be acceptable for a boat inspected under the New-T regulations.

Under certain circumstance, an Old-T boat may be reclassified as a New-T boat for purposes of Coast Guard inspections. This process is known as a "major conversion" and the process is governed by 46 U.S.C. § 2101. The Coast Guard has implemented internal procedures and policies for making and documenting major conversion determinations under 46 U.S.C. § 2102. These policies and procedures are, as stated above, not for public dissemination and are for internal Government use only.

In 2005 the *CONCEPTION* was stolen and run aground. The grounding caused extensive damage to the ship. Plaintiffs maintain that the repairs to the ship amounted to a major conversion under 46 U.S.C. § 2102, and therefore that the Coast Guard abused its discretion when it failed to either follow the guidelines laid down in 46 U.S.C. § 2101(1)(A)-(D) or apply the New-T regulations to *CONCEPTION* after those repairs were completed. The United States, on the other hand, maintains that the Coast Guard has broad discretion to determine whether a ship has undergone a major conversion for purposes of 46 U.S.C. § 2102.

## 2. DEFINITIONS

2.1. "Action" shall mean the case captioned above in the Central District of California, Case No. 2:21-cv-07065-PA-MRW.

2.2. The term "confidential information" will mean and include the information contained in the MCON Documents disclosed in any portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions.

2.3. "Disclose" (or forms thereof) shall mean to distribute, provide, or otherwise make available for access, viewing, or copying. "Disclose" shall include the actual covered documents or item as well as the contents or information

contained therein, such that disclosing a copy, summary, paraphrasing, or characterization would be considered a disclosure of the document itself for purposes of this Order.

2.4. The term "counsel" will mean counsel of record for Plaintiffs' herein and other attorneys, paralegals, secretaries, and other support staff employed in the law firms of each counsel.

3. **SCOPE**

3.1. The MCON Documents shall be marked "CONFIDENTIAL" and shall be subject to this Order.

3.2. To the extent that any depositions taken in the case have involved disclosure of the confidential MCON Documents:

a. the deposition or portions of the deposition must be designated as containing confidential information subject to the provisions of this Order; such designation must be made on the record.

b. the United States will have the right to exclude from attendance at the deposition, during such time as the confidential information is to be disclosed, any person other than the deponent, counsel (including their staff and associates), and the court reporter.

c. the originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL," as appropriate, and the original or any copy ultimately presented to a court for filing must not be filed unless it can be accomplished under seal, identified as being subject to this Order, and protected from being opened except by order of this Court.

3.3. The MCON Documents must not be disclosed by the receiving party to anyone other than those persons designated within this order and must be handled in the manner set forth below and, in any event, must not be used for any purpose other than in connection with this litigation.

3.4. The MCON Documents must be viewed only by counsel (as defined in paragraph 2.4) of the receiving party, by independent experts or consultants retained by counsel in preparation for trial of this action (after he or she is provided with a copy of this Order and executes a copy of the form attached Exhibit A agreeing to be bound by this Order, which shall be retained by counsel for the Party who engaged such expert), and by court personnel.

3.5. The MCON Documents must be retained in the custody of the counsel for the receiving party identified in paragraph 2.4, except that independent experts authorized to view such information under the terms of this Order may retain custody of copies such as are necessary for their participation in this litigation.

3.6. Before the MCON Documents disclosed pursuant to this Order, or any portion of a deposition discussing the MCON documents, are filed with the Court for any purpose, the party seeking to file such material must seek permission of the Court to file the material under seal.

3.7. The MCON Documents must be held in confidence by those inspecting or receiving them and must be used only for purposes of this action. Counsel for Plaintiffs, and each person receiving the MCON Documents must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If the MCON Documents are disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the United States and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

3.8. Nothing in this Order will bar counsel from rendering advice to their clients with respect to this litigation and, in the course thereof, relying upon any information contained in the MCON Documents for the purposes of litigating the

action.

3.9. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of confidential information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure or goes beyond that which this Court has ordered.

3.10. Nothing within this Order will be construed to prevent disclosure of confidential information if such disclosure is required by law or by order of the Court.

3.11. Upon final termination of this action, including any and all appeals, counsel for Plaintiffs, including those set forth in ¶ 2.4, must either return all MCON documents, including any copies, excerpts, and summaries of that information, or must destroy same at the option of the receiving party, and must purge all such information from all machine-readable media on which it resides. Notwithstanding the foregoing, counsel for each party may retain all pleadings, briefs, memoranda, motions, and other documents filed with the Court that refer to or incorporate the MCON Documents and will continue to be bound by this Order with respect to all such retained information. Further, attorney work product materials that contain MCON Documents, or information contained therein, need not be destroyed, but, if they are not destroyed, the person in possession of the attorney work product will continue to be bound by this Order with respect to all such retained information. Upon final termination of this action, including any and all appeals, any action by this Court must be preceded by an *ex parte* motion for an order authorizing the return of all documents designated as "CONFIDENTIAL" to the party that produced the information or the destruction thereof. Within thirty (30) days after the filing of an *ex parte* motion, the Court will destroy all documents designated as "CONFIDENTIAL."

3.12. Transmission by email or some other currently utilized method of transmission is acceptable for all notification purposes within this Order.

3.13. This Order may be modified by agreement of the parties, subject to approval by the Court.

3.14. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings. The parties prefer that the Court provide them with notice of the Court's intent to modify the Order and the content of those modifications, prior to entry of such an order.

3.15. A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the information in the public record unless otherwise instructed by the Court.

3.16. Without separate court order, the Order and the parties' stipulation does not change, amend, or circumvent any court rule or local rule.

///

///

///

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD

Dated: June 16, 2023

TRACY WILKISON
United States Attorney
JOANNE OSINOFF
Assistant United States Attorney
Chief, Civil Division

BRIAN BOYNTON
Principal Deputy Assistant Attorney General

*s/Eric Kaufman-Cohen*
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Filed Office
FRANK J. ANDERS
SCOTT PERRYGO
KYLE FRALICK
Trial Attorneys
Aviation, Space & Admiralty Litigation
Torts Branch, Civil Division
U.S. Department of Justice

Attorneys for United States of America

Dated: June 16, 2023

MCGUINN HILLSMAN AND PALEFSKY

*/s/John R. Hillsman*
JOHN R. HILLSMAN
535 Pacific Avenue Suite 100
San Francisco, CA 94133
415-421-9292

On behalf of all Plaintiffs

///

///

///

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

DATED: _____    _____
HON. MICHAEL R. WILNER
United States Magistrate Judge

# CERTIFICATE OF SERVICE

I hereby certify that on June 16, 2023, a copy of the foregoing STIPULATED PROTECTIVE ORDER was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system, which will serve an electronic copy of all counsel of record.

                                                s/Eric Kaufman-Cohen
                                                ERIC KAUFMAN-COHEN