```
E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

BRIAN M. BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN, Cal. SBN 171064
eric.kaufman-cohen@usdoj.gov
Attorney in Charge, West Coast Office
SCOTT PERRYGO, Cal. SBN 341834
Scott.perrygo@usdoj.gov
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
Telephone: (415) 436-6648/(415) 436-6645
Facsimile: (415) 436-6632

Attorneys for United States of America
```

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| NANCY FIEDLER, Personal Representative of the Estate of LISA FIEDLER (Deceased); MATTHEW GUINEY, Personal Representative of the Estate of MARYBETH GUINEY (Deceased); OLGA FAYNSHTEYN, Personal Representative of the Estate of YULIYA KRASHENNAYA (Deceased); KATIE OSBORNE, Personal Representative of the Estate of DANIEL GARCIA (Deceased); CHRISTINA QUITASOL, Personal Representative of the Estate of MICHAEL QUITASOL (Deceased); SARMA WILLIAMS, Personal Representative of the Estate of VAIDEHI DEVI CAMPBELL WILLIAMS (Deceased); CHRISTINE ALEXANDRA DIGNAM, Personal Representative of the Estate of JUSTIN DIGNAM (Deceased); JASMINE LORD, Personal Representative of the | Case No.: 2:21-cv-07065-PA-MRW<br><br>In Admiralty<br><br>**UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>**[Fed.R.Civ.P. 12(b)(1)]**<br><br>Date: August 12, 2024<br>Time: 1:30 p.m.<br>Courtroom: 9A<br><br>Hon. Percy Anderson |

| | |
|---|---|
| 1  Estate of CHARLES McILVAIN (Deceased); VICTORIA E. MOORE, | **Supporting documents:** |
| 2  Personal Representative of the Estates of RAYMOND SCOTT CHAN (Deceased) | |
| 3  and KENDRA CHAN (Deceased); YUKA OHASHI MERRITT, Personal | **1) Memorandum of Points and Authorities** |
| 4  Representative of the Estate of YUKO HATANO (Deceased); VIKRAM | |
| 5  SINGH, Personal Representative of the Estate of SUNIL SINGH SANDHU | **2) Declaration of Scott Perrygo** |
| 6  (Deceased); NINA HUTTEGGER, Personal Representative of the Estate of | |
| 7  JUHA-PEKKA AHOPELTO (Deceased); YADIRA ALVAREZ, | **3) Proposed Order** |
| 8  Personal Representative of the Estate of BERENICE FELIPE (Deceased); SEJAY | |
| 9  TAN, Personal Representative of the Estate of WEI TAN (Deceased); ERIC | |
| 10 BALTZ, Personal Representative of the Estate of NEAL BALTZ (Deceased); | |
| 11 ANTHONY BEITZINGER, Personal Representative of the Estate of | |
| 12 PATRICIA BEITZINGER (Deceased); | |
| 13 SHRUTI DEOPUJARI, Personal Representative of the Estate of | |
| 14 SANJEERI DEOPUJARI (Deceased); ATLEE FRITZ, Personal | |
| 15 Representative of the Estate of ANDREW FRITZ (Deceased); SEEMA | |
| 16 SHARMA, Personal Representative of the Estate of | |
| 17 KAUSTUBH NIRMAL (Deceased); MARGARET STROM, Personal | |
| 18 representative of the Estate of TED STROM (Deceased); RICHARD X. LIU, | |
| 19 Personal Representative of the Estate of XIANG LIN; SUSANA SOLANO | |
| 20 ROSAS, Personal Representative of the Estates of EVANMICHEL SOLANO | |
| 21 QUITASOL (Deceased), ANGELA ROSE SOLANO QUITASOL | |
| 22 (Deceased), and NICOLE SOLANO QUITASOL (Deceased); ARIEL | |
| 23 TAKVAM, Personal Representative of the Estate of KRISTIAN TAKVAM | |
| 24 (Deceased); DOMINIC MICAEL SELGA, Personal Representative of the | |
| 25 Estate of FERNISA JUNE SISON (Deceased); ROBERT KURTZ and | |
| 26 CHERIE MCDONOUGH, Personal Representatives of the Estate of | |
| 27 ALEXANDRA HALEY KURTZ; JEAN ANNE ALLEN as Executor of the Estate | |
| 28 | |

of STEVEN JOHN SALIKA, Executor of the Estate OF CAROL DIANA ADAMIC and Administrator of the Estate of TIA NICOLE ADAMIC SALIKA; JAMES ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); ANGELIKA ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); MARK ADAMIC, individually and as beneficiary of the Estate of CAROL DIANA ADAMIC (Deceased); SHIRLEY SALIKA, individually, and as beneficiary of the Estate of STEVEN JOHN SALIKA (Deceased) and TIA NICOLE SALIKA (Deceased); DANIEL POH-HOCK CHUA, Personal Representative of the Estate of KRISTINA OLINE FINSTAD (Deceased), and RYAN SIMS, individually,

        Plaintiffs,

  vs.

UNITED STATES OF AMERICA,

        Defendant.

# NOTICE OF MOTION AND MOTION

To Plaintiffs and their attorneys of record, notice is hereby given that the United States will, and hereby does, move this Court for an Order dismissing Plaintiffs' entire First Amended Complaint (ECF 49) on the grounds that the Court lacks subject matter jurisdiction over this action due to the Discretionary Function Exception ("DFE") to the United States' waiver of sovereign immunity. The United States' motion is brought pursuant to the Court's Order granting the parties joint administrative motion for an order allowing the United States to file a motion to dismiss for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) (ECF No. 82). The United States' motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Scott Perrygo in support of the motion (Perrygo Declaration), and all pleadings and papers on file in this action.

## Statement of Compliance L.R. 7-3

This motion is made following the conference of counsel pursuant to L.R. 7-3, throughout the course of discovery on this issue, after the court permitted the United States to file this motion. *See* ECF 70, 73.

## RELIEF SOUGHT

This case arises from a tragic fire aboard the dive boat *Conception* in which thirty-four individuals lost their lives. Plaintiffs filed a forty-four page Amended Complaint against the United States for wrongful death and survival damages under the Suits in Admiralty Act ("SIAA"), 46 U.S.C.A. § 30901 *et. seq.* The Amended Complaint contains 191 paragraphs. Of these 191 paragraphs, only one sets forth allegations of negligence on the part of the United States, ¶ 132, which alleges that the United States was negligent in "[a]busing [its] discretion pursuant to Title 46 of the Code of Federal Regulations, Subchapter T, Parts 175 to 187 – governing the inspection and operation of small passenger vessels . . . ." First Am. Compl., ECF 49, ¶ 132.

Plaintiffs concede that the United States has discretion in carrying out its inspections of vessels under 46 C.F.R., Subchapter T and allege only that the Coast Guard abused this discretion. The Court need go no further, and it may grant the United States motion at this point. The United States does not waive it sovereign immunity for tort claims if the alleged tortfeasor was performing a discretionary function. "This is true even if the employee abused that discretion." *Lam v. United States*, 979 F.3d 665, 672 (9th Cir. 2020); *see also Earles v. United States.,* 935 F.2d 1028, 1030-31 (9th Cir. 1991)(holding that the same discretionary function exception written into the Federal Tort Claims Act, 28 U.S.C. § 2680, applies equally to claims brought under the SIAA). Plaintiffs have not identified a single mandatory procedure, protocol or checklist item that the Coast Guard ignored, disregarded or failed to abide by despite being granted the opportunity to conduct ample discovery focused solely on the discretionary function defense prior to the government bringing this motion. (ECF 73).

At all times, it was the *Conception*'s owners and operators who had the duty to comply with all applicable Subchapter T regulations. The Coast Guard's only role therein is its oversight of these regulations. The Coast Guard's annual spot check of the vessel—some six months before the fire—does not transform its role from discretionary oversight to a guarantor of absolute compliance or the absolute safety of all commercial vessels. "[W]hatever else the discretionary function exception may include, it plainly was intended to encompass the discretionary acts of the Government acting in its role as a regulator of the conduct of private individuals." *United States v. S.A. Empresa de Viacao Aerea Rio Grandense (Varig Airlines)*, 467 U.S. 797, 813–14 (1984)

Because the Coast Guard's actions in inspecting and certificating the vessel were discretionary, the United States has not waived its sovereign immunity. Thus, the Court lacks subject matter jurisdiction, and the Complaint should be dismissed with prejudice.

Date: May 15, 2024             Respectfully submitted,

E. MARTIN ESTRADA
United States Attorney
DAVID M. HARRIS
Assistant United States Attorney
Chief, Civil Division

BRIAN BOYNTON
Principal Deputy Assistant Attorney General
ERIC KAUFMAN-COHEN
Attorney in Charge, West Coast Filed Office

 s/Scott Perrygo
SCOTT PERRYGO
FRANK J. ANDERS
KYLE FRALICK
Trial Attorneys
Torts Branch, Civil Division
450 Golden Gate Avenue, Room 7-5395
San Francisco, California 94102-3463
415-436-6648
Email: eric.kaufman-cohen@usdoj.gov

U.S. Department of Justice
Attorneys for United States of America

CERTIFICATE OF SERVICE

I hereby certify that on May 15, 2024, a copy of the foregoing UNITED STATES' NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION was filed electronically with the Clerk of the Court by operation of the Court's electronic filing system, which will serve an electronic copy of all counsel of record.

     s/Scott Perrygo
     SCOTT PERRYGO