GRETCHEN NELSON, ESQ. (S.B.N. 112566)
(gnelson@nflawfirm.com)
CARLOS LLINAS NEGRET, ESQ. (S.B.N. 284746)
(cllinas@nflawfirm.com)
NELSON & FRAENKEL LLP
601 South Figueroa Street, Suite 2050
Los Angeles, CA 90017
Telephone: (213) 622-6469

JOHN R. HILLSMAN (S.B.N. 71f220)
(jrhillsman@mhpsf.com)
MCGUINN, HILLSMAN & PALEFSKY
535 Pacific Avenue
San Francisco, CA 94 I 33
Telephone: ( 415) 421-9292

DOUGLAS DISANDRO, JR., ESQ.  (admitted pro hac vice)
(ddisandro@smbb.com)
SALTZ MONGELUZZI & BENDESKY P.C.
1650 Market Street
Philadelphia, PA 19103
Telephone: (2I5) 496-8282

*Counsel for Plaintiffs (Additional Plaintiffs' counsel identified on signature page)*

IN THE SUPERIOR COURT FOR THE STATE OF CALIFORNIA

COUNTY OF LOS ANGELES

| | |
|---|---|
| NANCY FIEDLER, et al.,<br><br> Plaintiffs,<br><br>vs.<br><br>UNITED STATES OF AMERICA<br><br> Defendant. | **Case No. 2:21-cv-07065-PA-MRW**<br>Honorable Percy Anderson<br>Courtroom 9A<br><br>**DECLARATION OF JOHN HILLSMAN IN SUPPORT OF OPPOSITION TO UNITED STATES' MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION [Fed.R.Civ.P.12(b)(1)]** |

I, JOHN R. HILLSMAN, declare as follows:

1.     I am an attorney at law admitted to practice by the State of California and before this Honorable Court. I am one of the attorneys of record for Plaintiffs Christine Dignam, Jasmine Lord, Vicki Moore, Yuka Otashi Merritt, and Vikram Singh and am co-lead counsel for all the Plaintiffs in this action.

2.     I respectfully submit this Declaration in Support of Opposition to United States' Motion to Dismiss Plaintiffs' First Amended Complaint for Lack of Subject Matter Jurisdiction on behalf of all Plaintiffs. I have personal knowledge of the matters stated herein and could and would competently so testify if called as a witness herein.

3.     I can affirm that facts essential to justify opposition to the Defendant United States of America's motion to dismiss exist but cannot currently be presented to the Court in that Plaintiffs have not been able to examine all the evidence bearing on the question of the cause and origin of the fire on board *Conception*, which is essential to determining the Coast Guard's mandatory duties in this case. Until Plaintiffs and their experts have been allowed to examine all the evidence and testing conducted by the Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), Plaintiffs cannot determine the following:

(A) the extent to which multiple combustible plastic trash cans and 15 to 25 plastic garden chairs caused or contributed to the fire, and, therefore, a basis for the Coast Guard's mandatory duties under the New T-Regulations to identify and rectify these fire hazards during inspections under 46 CFR 176.830;

(B) the extent to which non-marine grade wiring caused or contributed to the fire, and, therefore, a basis for the Coast Guard's mandatory duty under the Old-T and New-T Regulations (46 CFR Sections 176.500, 176.806, 183.200, and 183.340) to prohibit and rectify unsafe wirings despite the deficiency allegedly being cleared in 2002;

(C) the extent to which the shoddy electrical system caused or contributed to the fire, and, therefore, a basis for the Coast Guard's mandatory duty under 46 CFR

section 176.806 to inspect, examine or test the electrical system between 2004 and February 2019, and ensure the safety deficiencies are rectified;

(D) the extent to which an electrical deficiency related to the use of a welding cable caused or contributed to the fire, and, therefore, a basis for the Coast Guard's mandatory duty under 46 CFR sections 176.806, 183.200, and 183.340 to inspect and rectify the welding cable deficiency; and

(E) the extent to which the fire pump and hoses caused or contributed to the fire, based in part on the Federal Bureau of Investigation's post-accident photographs showing a hole in the copper water main pipe of the fire suppression system, and, therefore, a basis for the Coast Guard's mandatory duty to inspect the fire hoses and fire system, and rectify any deficiencies.

4.    The ATF published an 875-page Report about the cause and origin of that fire. In May 2021, Assistant United States Attorney Mark Williams ("AUSA Williams"), released 197 pages of that 875-page Report to Plaintiffs and their attorneys subject to the terms of a strict Non-Disclosure Agreement ("NDA"). The 197 pages released are the ATF's Report of Investigation, titled "Origin and Cause Report" ("ATF Report").

5.    Plaintiffs have not yet been given access to all the evidence relied on by the ATF (e.g., countless items collected by the FBI, ATF and other agencies referenced in the ATF Report) and all the data, exhibits, reports and appendices attached to and/or referenced in the ATF Report (referred to herein as "underlying materials").

6.    I am informed and believe that those as-yet unreleased materials include Fire Research Lab ("FRL") intermediate scale testing conducted "to aid in determining the origin of the fire" and FRL full-scale testing "to assist the investigators in testing varying hypotheses regarding the area of origin for the fire."

7.    Many of the underlying materials appear to have been by the Government as Prosecution Exhibits on the Government's Exhibits List for trial in the seaman's manslaughter trial brought by the United States against the *Conception's* Captain, Jerry

1   Nehl Boylan, U.S.D.C., C.D. Cal. Case No. CR 22-482-GW (filed under seal in with
2   the Declaration of Gretchen Nelson, Docket No. 50-1, in Case 2:23-cv-00985 PA-
3   MRW, which was pending before this Court.) The ATF Origin and Cause Report, for
4   example, is listed as Exhibit No. 312 in Section 7 ("Origin and Cause Analysis"). Those
5   underlying materials were relevant to the manslaughter case against Captain Boylan,
6   and are likewise relevant to Plaintiffs' case as to the origin and cause of the fire. Since
7   Captain Boylan apparently had access to evidence and underlying materials in order to
8   defend himself in the manslaughter case, so too should Plaintiffs be given access to
9   them so they can prosecute their action against the Coast Guard.

10      8.      Some of the underlying materials listed as Prosecution Exhibits in the
11   seaman's manslaughter case against Capt. Boylan include:

| 314 | ATF Fire Research Laboratory Report re: Burning Characteristics of Vessel Deck Materials (BOYLAN_00290351-539) |
| 315 | ATF Fire Research Laboratory Report re: Remains of MV Conception (BOYLAN_00289302-324) |
| 316 | ATF Fire Research Laboratory Report re: Report of Scene Exam (BOYLAN_00061839-949) |
| 317 | ATF Fire Research Laboratory Report re: Report of X-Ray Images (Amended) (BOYLAN_00298368-8407) |
| 318 | ATF Fire Research Laboratory Report re: Fire Development Under a Staircase with Shelves (BOYLAN_00061952-2318) |
| 319 | ATF Fire Research Laboratory Report re: Burning Characteristics of FRP Samples and Flooring (BOYLAN_00062319-460) |
| 320 | ATF Fire Research Laboratory Report re: Burning Characteristics of FRP Samples (BOYLAN_00290111-350) |
| 321 | ATF Fire Research Laboratory Report re: Discrete Event Simulation Combustibles (BOYLAN_00290540-800) |
| 322 | ATF Fire Research Laboratory Report re: Ignitability of FRP Exterior Flooring and Vinyl Cushion Samples (BOYLAN_00062461-497) |

DECLARATION OF JOHN HILLSMAN IN SUPPORT OF
OPPOSITION TO UNITED STATES' MOTION TO DISMISS

| 323 | ATF Fire Research Laboratory Report re: Examination of Batteries (BOYLAN_00289325-455) |
|---|---|

9.    Plaintiffs and their attorneys have been diligently and persistently attempting to gain access to the undisclosed evidence and underlying materials since the Spring of 2021. For example, on August 6, 2021, and again on September 10, 2021, Plaintiffs served formal requests to the ATF for the documents and data that were not released under the NDA. As recent on May 31, 2023, I emailed AUSA Williams about several issues, including using the released 197 Report in Plaintiffs' opposition, and stated: "We would also like to discuss your producing all the materials the ATF marshaled and prepared in support of that Report." On June 3, 2024, AUSA Williams responded by email, but did not address that request. I then followed up by email on June 3, 2024, and asked: "Are you likewise in a position to respond to our request for the underlying materials the ATF produced and assembled in support of its report." On June 1, 2024, AUSA responded that the DOJ was still unable to produce those materials.

10.    I have reviewed the document attached as *Exhibit 1* hereto and can confirm that it is a true and accurate copy of the indicated excerpted pages of the National Transportation Safety Board ("NTSB") Marine Accident Report adopted on October 20, 2020, concerning the "Fire Aboard Small Passenger Vessel *Conception*." That Report is a domestic public document bearing the official seal of the NTSB and is self-authenticating under Fed. R. Evid. 902(1).  Plaintiffs respectfully offer *Exhibit 1* under Fed. R. Evid. 1005 and *Lobel v. American Airlines, Inc*., 192 F.2d 217 (2d Cir. 1951). It contains none of the NTSB's opinions or conclusions about the fire, and Plaintiffs have offered it solely for the factual findings it sets forth.

11.    I have reviewed the document attached as *Exhibit 3* hereto and can confirm that it is a true and accurate copy of the indicated excerpted pages of the NTSB Group Chairman's Factual Report that contains the Summary the Fire and Explosions Group issued on May 20, 2020, concerning the *Conception* Fire.  That Report is a

domestic public document that does not bear an official seal and is self-authenticating under Fed. R. Evid. 902(3).  Plaintiffs respectfully offer *Exhibit 3* under Fed. R. Evid. 1005 and *Lobel v. American Airlines, Inc*., 192 F.2d 217 (2d Cir.  1951). It contains none of the NTSB's opinions or conclusions about the fire and has been offered solely for the factual findings it sets forth.

12.   I have reviewed the document attached as *Exhibit 4* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of Day 6 of the criminal trial of Jerry Neal Boylan containing the sworn testimony that NTSB Special Investigator Derrick Hill gave in those proceedings on the morning of October 31, 2023. Plaintiffs herewith respectfully offer *Exhibit 4* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

13.   I have reviewed the document attached as *Exhibit 5* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of Day 6 of the criminal trial of Jerry Neal Boylan containing the sworn testimony that NTSB Special Investigator Jonathan Butta gave in those proceedings on the morning of October 31, 2023. Plaintiffs herewith respectfully offer *Exhibit 5* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

14.   I have reviewed the document attached as *Exhibit 6* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of the Deposition that Coast Guard Commander Stefanie Hodgdon gave in this case, under Fed. R. Civ. P. 30(b)(6), on April 12, 2023.  Plaintiffs herewith respectfully offer *Exhibit 6* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

15.   I have reviewed the document attached as *Exhibit 7* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of the Deposition that Truth Aquatics, Inc. General

Manager Inge Courtois Coast gave in this case on May 26, 2023. Plaintiffs herewith respectfully offer *Exhibit 7* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

16.   I have reviewed the document attached hereto as *Exhibit 8* hereto and can confirm that it is a true and correct photocopy of the July 11, 2008, Invoice that Defendant Truth Aquatics, Inc. authenticated and produced as Bates-stamped pages TAI00002812-2813 of its verified responses to Plaintiffs' Second Set of Requests for Production in the matter of *Feilder et al. v. Truth Aquatics, Inc*. et al., Los Angeles Superior Court Civ. Action No. 21STCV08121 and Related Cases. Plaintiffs herewith respectfully offer *Exhibit 8* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

17.   I have reviewed the document attached hereto as *Exhibit 9* hereto and can confirm that it is a true and correct photocopy of the indicated, excerpted "Marine Information for Safety and Law Enforcement" ("MISLE") "Activity Summary Reports" the Government produced in its verified responses to Plaintiffs' Request for Production of Documents herein. Those Reports are domestic public documents bearing the official seal of the United States Coast Guard and are self-authenticating under Fed. R. Evid. 902(1). Plaintiffs herewith respectfully offer *Exhibit 9* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

18.   I have reviewed the document attached as *Exhibit 10* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of the Deposition that Coast Guard Captain Robert C. Compher gave in this case, under Fed. R. Civ. P. 30(b)(6), on June 29, 2023. Plaintiffs herewith respectfully offer *Exhibit 10* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

19.   I have reviewed the document attached as *Exhibit 11* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of the Deposition that Coast Guard Chief Warrant Officer

Daniel Hagar (Ret.) gave in this case on June 8, 2023.  Plaintiffs herewith respectfully offer *Exhibit 11* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

20.    I have reviewed the document attached as *Exhibit 12* hereto and can confirm that it is a true and accurate copy of the indicated excerpted pages of the NTSB Group Chairman's Factual Report that contains the indicated excerpted pages from the Summary the Survival Factors Group issued on September 4, 2020, concerning the *Conception* Fire.  That Report is a domestic public document that does not bear an official seal and is self-authenticating under Fed. R. Evid. 902(3). Plaintiffs respectfully offer *Exhibit 12* under Fed. R. Evid. 1005 and *Lobel v. American Airlines, Inc.*, 192 F.2d 217 (2d Cir.  1951). It contains none of the NTSB's opinions or conclusions about the fire and has been offered solely for the factual findings it sets forth.

21.    I have reviewed the document attached hereto as *Exhibit 14* hereto and can confirm that it is a true and correct photocopy of additional indicated excerpted "Marine Information for Safety and Law Enforcement" ("MISLE") "Activity Summary Reports" the Government produced in its verified responses to Plaintiffs' Request for Production of Documents herein. Those Reports are domestic public documents bearing the official seal of the United States Coast Guard and are self-authenticating under Fed. R. Evid. 902(1).  Plaintiffs herewith respectfully offer *Exhibit 14* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

22.    I have reviewed the document attached hereto as *Exhibit 15* hereto and can confirm that it is a true and correct photocopy of additional indicated, excerpted "Marine Information for Safety and Law Enforcement" ("MISLE") "Activity Summary Reports" the Government produced in its verified responses to Plaintiffs' Request for Production of Documents herein. Those Reports are domestic public documents bearing the official seal of the United States Coast Guard and are self-authenticating under Fed. R. Evid. 902(1).  Plaintiffs herewith respectfully offer *Exhibit 15* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

23.    I have reviewed the document attached as *Exhibit 17* hereto and can confirm that it is a true and correct photocopy of the indicated excerpted pages from the Official Reporter's Transcript of the Deposition that Coast Guard Lieutenant Commander Joe Price Larson gave in this case on May 25, 2023.  Plaintiffs herewith respectfully offer *Exhibit 17* in lieu of the original thereof, pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

24.    I have reviewed the document attached as *Exhibit 18* hereto and can confirm that it is a true and accurate copy of the indicated excerpted pages of the NTSB Group Chairman's Factual Report that contains the indicated excerpted pages from the Summary the Engineering Group issued on August 18, 2020, concerning the *Conception* Fire.  That Report is a domestic public document that does not bear an official seal and is self-authenticating under Fed. R. Evid. 902(3). Plaintiffs respectfully offer *Exhibit 12* under Fed. R. Evid. 1005 and *Lobel v. American Airlines, Inc*., 192 F.2d 217 (2d Cir. 1951). It contains none of the NTSB's opinions or conclusions about the fire and has been offered solely for the factual findings it sets forth.

25.    I have reviewed the document attached as *Exhibit 21* hereto and can confirm that it is a true and accurate copy of the Certificate of Inspection the United States Coast Guard issued to the small passenger vessel *Conception* on November 19, 2014.  That Certificate of Inspection is a domestic public document bearing the official seal of the United States Coast Guard and is self-authenticating under Fed. R. Evid. 902(1).  Plaintiffs respectfully offer *Exhibit 21* under Fed. R. Evid. 1005.

26.    I have reviewed the document attached as *Exhibit 22* hereto and can confirm that it is a true and accurate video still frame depicting the grey, plastic Rubbermaid trash can that ATF Special Investigators Butta and Hill identified as the source of the *Conception* fire.  That video still frame was marked and authenticated as *Exhibit 34* to the Deposition that Steve James gave herein on May 17, 2023.  It is also the video still frame that I showed to Cmdr. Hodgdon at her April 12, 2023, Deposition herein.  Plaintiffs herewith respectfully offer *Exhibit 22* in lieu of the original thereof,

pursuant to Federal Rules of Evidence 1003 and 1004(3) and (4).

27.   I have reviewed the document attached as *Exhibit 23* hereto and can confirm that it is a true and accurate copy of the indicated excerpted pages from the Group Chairman's Factual Report that contains the Summary the Fire and Explosions Group issued on May 7, 2020, containing photographs depicting the plastic Grosfillex garden chairs in *Conception's* salon.  That Report is a domestic public document that does not bear an official seal and is self-authenticating under Fed. R. Evid. 902(3). Plaintiffs respectfully offer *Exhibit 23* under Fed. R. Evid. 1005 and *Lobel v. American Airlines, Inc*., 192 F.2d 217 (2d Cir.  1951).

I declare under the penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on July 8, 2024, in the City and County of San Francisco, California.

   /s/ John R. Hillsman
JOHN R. HILLSMAN

Additional Plaintiffs Counsel:

WALKUP MELODIA KELLY
    SCHOENBERGER
PANISH SHEA BOYLE & RAVIPUDI LLP
FIORE ACHERMAN, A Law Corp.
SCHUERING ZIMMERMAN & DOYLE,
    LLP
KREINDLER & KREINDLER LLP
LAW OFFICE OF W. RUSSELL FIELDS
GALINE FRYE FITTING & FRANGOS
ARNOLD & ITKIN LLP
TODD M. ABBOTT, ESQ.

DECLARATION OF JOHN HILLSMAN IN SUPPORT OF
OPPOSITION TO UNITED STATES' MOTION TO DISMISS